**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | **Cr. No.: 08-20378** |
| ) | |
| **vs.** ) | |
| ) | |
| **BRIDGES MCRAE,** ) | |
| ) | |
| **Defendant.** ) | |

**RESPONSE TO DEFENDANT'S REPLY IN SUPPORT
OF MOTION FOR CHANGE OF VENUE**

Comes now the United States, by and through undersigned counsel, in response to Defendant's Reply in Support of Motion for Change of Venue. The Defendant fails to even articulate the appropriate legal standard, let alone satisfy it, and the motion should be denied.

**I. The Legal Standard**

Statements from public officials only matter to the extent that they contribute to the pretrial publicity in this case. There is no separate "inflammatory statement" rule, and the Defendant does not cite one. The Sixth Circuit legal standard for change of venue based on presumptive prejudice arising from pretrial publicity – discussed at length in the United States's response but conspicuously absent from the Defendant's filings – is whether "an inflammatory, circus-like atmosphere pervades both the courthouse and the surrounding community." *Foley v. Parker*, 488 F.3d 377, 387 (6th Cir. 2007), citing *Ritchie v. Rogers*, 313 F.3d 948, 952-53 (6th Cir. 2002); *Gall v. Parker*, 231 F.3d 265, 309 (6th Cir. 2000). This is a difficult showing for a defendant to make; the Sixth Circuit has explicitly stated that

"[p]rejudice from pretrial publicity is rarely presumed." *Foley*, 488 F.3d at 387, citing *DeLisle v. Rivers*, 161 F.3d 370, 382 (6th Cir. 1998) ("the few cases in which the Court has presumed prejudice can only be termed extraordinary").

## II. Factual Analysis and *United States v. Melton*

The Defendant complains that "[t]he United States also opposes McRae's motion by essentially saying that the news coverage could be worse than it is." (Def. Reply at 3). This misreads the United States's response. What the United States actually did was to cite other cases have involved news coverage that was significantly more prejudicial toward defendants and in which the Court nevertheless declined to presume prejudice.

The Defendant cites *United States v. Melton*, Crim. No. 3:089cr107-DPJ-LRA (S.D. Miss., Order filed March 11, 2009), as a comparable case. But *Melton* is so readily distinguishable from the facts underlying the instant case as to make any comparison redound to the detriment of the Defendant. Frank Melton, the mayor of Jackson, Mississippi, is a flamboyant and outspoken politician who, as the chief executive of Mississippi's largest city, was already well-known in the Southern District of Mississippi prior to his prosecution. In addition, prior to the cited order, Melton had been tried both at the state level and at the federal level. The *Melton* Court noted intense coverage, including not just coverage four times a day and a courtroom full of reporters but even breaks in regularly-scheduled programming to carry trial updates, live feeds of the front of the courthouse over the internet, and numerous public opinion polls relating to the case. The media went so far as to include coverage of the prosecutors' wardrobe choices. The Court noted that of the 95 jurors who appeared for the venire for the initial federal prosecution,

84 had "significant knowledge of the case." The intense coverage of that trial would further influence the subsequent venire.

Defendant McRae, on the other hand, has been the subject of a few articles, most of them only a few paragraphs long, and to some television news coverage of his case. Melton and McRae are not remotely similarly situated. Even prior to his first federal trial, Melton received immeasurably more media attention as demonstrated by the venire's overwhelming familiarity with his case. *Melton*, like the Tennessee Waltz cases and other high profile cases in Memphis, is simply a different kind of case because of the high profile of the defendant. Bridges McRae, on the other hand, is not a household name in Memphis or anywhere else. His name is not uttered daily in the coffee shops and break rooms of Memphis, his face is not splashed across the front page of *The Commercial Appeal*, and camera crews do not await him outside the courthouse when he makes an appearance. The Defendant's case, like many federal prosecutions, has received some press coverage, but the mere existence of such coverage does not entitle him to the venue of his choice.

## III.  The Appropriate Remedy is Voir Dire

The Defendant complains that his use of a closed fist to vigorously and repeatedly apply handcuffs to Johnson's head has been mischaracterized in media accounts as a "brutal beat down." The Defendant maliciously, unjustifiably, and illegally assaulted Duanna Johnson, and foolishly did so in direct view of a video camera. In light of that, the media's characterization of the assault does not seem inaccurate. But that characterization and the accompanying coverage may still be prejudicial in a way that violates the Defendant's rights.

If, in the course of voir dire, the Court determines that a venire person cannot set aside any opinion he might already hold as to the Defendant's guilt or innocence, then that juror may not be seated. *Foley*, 488 F.3d at 387. Note that "the existence of a juror's preconceived notion as to the guilt or innocence of the defendant, without more, is not sufficient to rebut the presumption of impartiality." *Id.* But if there is more, if a prospective juror cannot set aside his impressions or opinions to render a verdict based upon the evidence presented in court, then the juror may not join the panel. And if enough of the venire is prejudiced in this manner, then the Defendant may be entitled to a change of venue.

But such speculation is academic in the absence of an actual venire subjected to actual voir dire. The United States has no objection to a thorough voir dire of potential jurors to ensure that their impartiality has not been compromised by pretrial publicity. But the Defendant has utterly failed to make the showings necessary for a determination of presumptively prejudicial pretrial publicity. Any change of venue based on the Defendant's filings would be contrary to the law of the Circuit and the practices of the Western District of Tennessee.

    Respectfully submitted,

    LAWRENCE J. LAURENZI
    United States Attorney

    /s/ Stephen C. Parker
    Assistant U.S. Attorney
    167 N. Main, Room 800
    Memphis, Tennessee  38103
    Telephone:  (901) 544-4231
    (#012747 Tennessee)

    /s/ Jonathan Skrmetti
    Trial Attorney, Civil Rights Division
    (#423712 Connecticut)

## CERTIFICATE OF SERVICE

I, Stephen C. Parker, Assistant United States Attorney for the Western District of Tennessee, hereby certify that a copy of the foregoing **RESPONSE** has been sent via the Court's electronic filing system to: Frank W. Trapp, counsel for the defendant.

This 20th day of March 2009.

/s/ Stephen C. Parker
Assistant United States Attorney